## No. 11,838.

### STATE EX REL. ISAAC GOLDBERG VS. D. A. S. HARMON, CONSTABLE OF THE THIRD WARD OF THE PARISH OF CALCASIEU.

Application for relief by *habeas corpus* must be refused, in case the defect alleged to exist in the warrant for relator's arrest, does not appear to be radical or jurisdictional.

APPLICATION for a Writ of *Habeas Corpus.*

*James Wilkinson* for Petitioner.

*Clegg & Thorpe* for Respondent.

Argued and submitted, May 13, 1895.
Opinion handed down, May 13, 1895.

The opinion of the court was delivered by

WATKINS, J.   Alleging that he is unlawfully restrained of his liberty and now held in custody by the respondent, under and by virtue of a warrant which was issued by C. B. Beland, justice of the peace for the third ward of the parish of Calcasieu, and bearing date May 4, 1895, and which is absolutely null and void, because it " discloses no crime known to the laws of this State," the relator prays that he be set at liberty.

The respondent returns that he holds the relator in his custody in obedience to a valid warrant issued by the justice of the peace above named, and therewith he has brought up, in the original, the affidavit on which the warrant is predicated, and made same a part of his return.

The illegality of the warrant on which the counsel for relator re-

State ex rel. Meaux vs. Judges.

lies, as sustaining his claim to relief, is that that the crime charged is that "Isaac Goldberg did, on or about the 5th day of March, 1895, obtain the sum of fifty dollars from M. Stanley Hogan *under* false pretenses."

While his contentions is that the law denounces as a crime "obtaining property by false pretenses, with intent to defraud."

But the statute on the subject is couched in language somewhat different from that of the warrant, as well as that of the relator's petition, and it runs thus, viz.:

" Whoever, by any false pretense, shall obtain from any person money or any property, with intent to defraud him of the same, shall, on convicton," etc. R. S., Sec. 813.

The distinction taken by counsel for the relator does not appear to us to be necessarily fatal in such a preliminary proceeding as this, even if we are to consider no other fact than such as is exhibited on the face of the warrant. But, an examination of the affidavit on which the warrant is predicated, makes it clear that a crime was charged which gave to the justice of the peace, issuing the writ, full and complete jurisdiction.

Under our statute the crime denounced is a statutory offence, and it is the settled jurisprudence of this court that even in the indictments against offenders thereunder only words of equivalent import need be used; and a preliminary warrant need not be more circumstantial.

The alleged defect in the warrant not being radical or jurisdictional, the application must be refused.

It is therefore ordered and decreed that the relief prayed for be refused at relator's cost.